```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TYRONE LANGFORD,                                                :
                                                                :
                                Plaintiff,                      :
                                                                :             **MEMORANDUM & ORDER**
                -against-                                       :             18-CV-4669 (DLI) (LB)
                                                                :
INTERNATIONAL UNION                                             :
OF OPERATING ENGINEERS, LOCAL 15,                               :
15A, 15B, 15C, 15D, and 15H,                                    :
                                                                :
                                Defendant.                      :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

Tyrone Langford ("Plaintiff"), filed this action against the International Union of Operating Engineers Local 15, 15A, 15B, 15C, 15D, and 15H (the "Union" or "Defendant"), in the Supreme Court of the State of New York, Queens County. *See generally*, Compl., Docket Entry No. 1-2. Plaintiff, a member of the Union, alleges that Defendant unlawfully refused to refer him from its job referral system and hiring hall (the "Hiring Hall"), under the New York City Human Rights Law ("NYCHRL"). *Id.* Since Plaintiff's claim requires the Court to analyze the Hiring Hall, and by extension, the terms of the Union's collective bargaining agreements (the "CBAs"), Defendant timely removed the matter to this Court, invoking this Court's federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See generally*, Notice of Removal, Docket Entry No. 1. In turn, Plaintiff filed a motion to remand this action to state court. Motion to Remand, Docket Entry No. 8.

For the forgoing reasons, Plaintiff's motion is denied as the Court maintains subject matter jurisdiction over this action.

## BACKGROUND

Plaintiff brings this action under the NYCHRL for the sole claim of retaliation. Plaintiff, who is African-American, alleges that the Union operated a hiring hall that discriminated against African-Americans, and when he filed an Equal Employment Opportunity Commission ("EEOC") claim addressing the issue, he was retaliated against. *See,* Compl. 4-5.[1]

Plaintiff filed this action in state court, which Defendant timely removed pursuant to 28 U.S.C. § 1446(d), asserting that Plaintiff's claim necessarily invokes federal labor law. Specifically, Defendant contends that, although Plaintiff's claim is brought under the NYCHRL, the Union may avail itself of the Court's federal question jurisdiction because: (1) the Union's Hiring Hall directly implicates its duty of fair representation under the National Labor Relations Act ("NLRA") and, therefore, is "completely preempted by federal law," and (2) Plaintiff's entitlement to relief requires the Court to construe the terms of the CBA under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Notice of Removal ¶ 4-5.

In turn, Plaintiff moves for remand to state court, contending that the Court lacks subject matter jurisdiction because, under the Second Circuit's recent decision in *Figueroa v. Foster*, 864 F.3d 222 (2d Cir. 2017), Plaintiff's claim of retaliation under the NYCHRL is not preempted by the Union's duty of fair representation under the NLRA or § 301 of the LMRA. Pl.'s Mem. at 1-3. Moreover, Plaintiff argues that his claim cannot be preempted by federal labor law because he does not seek to enforce the terms of the collective bargaining agreement, nor does his claim require the Court to interpret the terms of the CBA. Pl.'s Reply at 1.

---

[1] This pagination refers to the numbers generated electronically at the top of the page by ECF for ease of reference.

**DISCUSSION**

I.  **Legal Standard**

A Defendant may remove a state court action to federal court if the plaintiff could have originally filed suit in federal court, based on either diversity or federal question jurisdiction. 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. "Thus, a plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense." *Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir. 1998). Further, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (alteration in original) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

However, there is an exception to the general rule that the plaintiff is "master of the claim." *Caterpillar Inc.*, 482 U.S. at 392. Under the artful pleading doctrine, "a plaintiff cannot avoid removal by artful pleading, i.e., by framing in terms of state law a complaint the 'real nature of [which] is federal, regardless of plaintiff's characterization' . . . , or 'by omitting to plead necessary federal questions in a complaint.'" *Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 27-28 (2d Cir. 1988) (citations omitted); *See also, Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475-76 (1998). "The artful-pleading doctrine includes within it the doctrine of complete preemption." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005). Thus, if a plaintiff "raises . . . a

completely preempted state-law claim in his complaint, a court is obligated to construe the complaint as raising a federal claim and therefore 'arising under' federal law." *Id.*

**II.     The Court Properly Maintains Subject Matter Jurisdiction**

In *Figueroa v. Foster*, the Second Circuit addressed the "specific, narrow, legal question" of whether "a union's duty of fair representation [is] preempt[ed by] the application of the NYSHRL when the union is acting in its capacity as a collective bargaining representative." 864 F.3d at 226. There, the Circuit found that the "duty of fair representation does not necessarily preempt [New York State Human Rights Law ("NYSHRL")], even when a labor organization is acting in its capacity as a collective bargaining agent." *Id.* at 224. In addition, the Circuit clarified that its ruling did not "purport to address every potential conflict between the NYSHRL and federal law. . . . [and that the Circuit] leave[s] for other cases to resolve more specific conflicts between the NYSHRL and federal law as they arise." *Id.* at 235-36.

A court in this district recently addressed Plaintiff's contention that, after *Figueroa*, federal courts in this circuit lack subject matter jurisdiction over NYCHRL claims involving unions. In *Whitehurst v. Staten Island Univ. Hosp.*, 2018 WL 2744710, *5 (E.D.N.Y Jun. 6, 2018), the plaintiff sought to remand her case back to state court, contending that her complaint raised only state law claims under the NYSHRL and NYCHRL. She argued that *Figueroa* establishes that because "her complaint purports to allege only violations of such state antidiscrimination laws . . . there is no federal question." *Id.*

The court disagreed, observing that the plaintiff in that case "attempt[ed] to wield *Figueroa* as a shield against federal jurisdiction" and found that plaintiff's reading of the case was "far too broad." *Id.* Accordingly, the *Whitehurst* court concluded that "*Figueroa* [did] not address the question of when a complaint can be said to raise claims under the NYCHRL or NYSHRL in addition to or instead of federal law." *Id.* Moreover, the court further noted that "the questions of

4

whether the duty of fair representation generally preempts state antidiscrimination law and whether plaintiff's rights in [that] case [were] governed solely by federal law are separate inquiries." *Id.* Thus, in addition to finding that the plaintiff's complaint could only be construed as stating a claim for breach of duty of fair representation, the court also found that the plaintiff's claims were preempted by the § 301 of the LMRA because they are "'substantially dependent' on the interpretation of the CBA." *Id.* (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)).

Here, Defendant contends that either the Union's duty of fair representation under the NLRA or the Union's hiring practices and rules under the LMRA require preemption for purposes of removal of Defendant's NYCHRL claim. Plaintiff contends that his claim does not require the Court to examine the CBA or enforce the duty of fair representation it creates.

Section 301 of the LMRA is one of only a few statutes that the Supreme Court has found "to have the requisite extraordinary preemptive force to support complete preemption." *Id.* Moreover, "[w]hen a state-law claim is removed to federal court because a section of the LMRA . . . preempts it, the district court may then adjudicate the claim on the merits under the relevant preemptive statute." *Id.* (citing *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560-62 (1968)). The test for whether a claim is preempted by § 301 of the LMRA is whether: (1) the "claims [are] founded directly on rights created by collective-bargaining agreements" or (2) the "claims [are] substantially dependent on analysis of a collective bargaining agreement." *Caterpillar Inc*, 482 U.S. at 394.

Plaintiff's NYCHRL claim is substantially dependent on an analysis of the CBA. The Hiring Hall, through CBAs with signatory employers, refers and dispatches operating engineers for employment within the New York metropolitan area. Notice of Removal ¶ 3. Under the terms of the CBA, the Union is required to establish the Hiring Hall, which is governed by the CBA and

5

Hiring Hall rules. *Id.* ¶ 4-5. The Hiring Hall rules and procedures sets forth the system for how members become eligible for referrals. Hiring Hall Rules & Procedures, Docket Entry No. 13-2.

Under the retaliation provision of the NYCHRL:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the commission pursuant to the terms of a conciliation agreement.

NYCHRL § 8-107(7). Plaintiff does not specify which prong under the NYCHRL his retaliation claim lies under. However, it appears that the only subsection of NYCHRL § 8-107(7) that Plaintiff's claim could properly be brought under is § 8-107(7)(i), "oppos[ing] any practice forbidden under this chapter." *Id.* § 8-107(7)(i).

Plaintiff alleges that "the Local 15 job referral system is easily bypassed and manipulated by the Local 15 business agents." Compl. at 5. In addition, based on the allegations, it appears the allegedly easy bypassing and manipulation by Local 15 business agents was Plaintiff's rationale for filing his EEOC complaint. Given this allegation alone, Plaintiff's retaliation claim necessarily requires the Court to examine the rules and practices of the Hiring Hall and, by extension, the terms of the CBA implementing the referral program. This allegation makes Plaintiff's retaliation claim under NYCHRL "substantially dependent" on the interpretation of the CBA.

Accordingly, Plaintiff's state law claim is preempted by § 301 of the LMRA for purposes of jurisdiction and the Court properly maintains subject matter over this action.

Separately, the Court does not decide at this time whether Defendant's duty of fair representation preempts Plaintiff's NYCHRL claim because the Court plainly retains subject matter jurisdiction over this action under the LMRA. Given the issues raised in *Figueroa*, the parties may squarely present the issue of whether Plaintiff's rights are governed solely by federal law upon filing either a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure or motion for summary judgment.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to remand is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2019

/s/
DORA L. IRIZARRY
Chief Judge